David A. Hubbert
Deputy Assistant Attorney General

Tijuhna A. Green (TXBN 24106025)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3340
202-307-0054 (f)
Tijuhna.A.Green@usdoj.gov

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>LARRY DE JONG;<br>ANTINE DE JONG;<br>MATTHEW A. DE JONG and ANDREA CLARK, AS TRUSTEES OF THE DE JONG CHILDRENS TRUST;<br>CAROL ANN KUNNEN;<br>GLENN W. DE JONG;<br>WESTERN ENERGETIX LLC;<br>SAN JOAQUIN COUNTY; and<br>STATE OF CALIFORNIA FRANCHISE TAX BOARD.<br><br>　　　　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS** |

The United States of America complains and alleges as follows:

## INTRODUCTION

This is a civil action brought by the United States to: (i) reduce to judgment outstanding federal tax assessments made against Defendant Larry De Jong;

1

(ii) determine that a parcel of real property located at 310 Oak Avenue, Ripon, California 95366 (the "Subject Property") is held by a nominee of Defendant Larry De Jong and/or that it was fraudulently transferred; and (iii) foreclose the federal tax liens encumbering the Subject Property.

## JURISDICTION AND VENUE

1. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant Larry De Jong resides in this judicial district, the federal tax liabilities at issue accrued within this judicial district, and the Subject Property is located within this judicial district.

## DEFENDANTS

4. Larry De Jong, who resides in this judicial district, is named as a defendant because he has unpaid federal tax liabilities and has an ownership interest in the Subject Property.

5. Antine De Jong, who is married to Larry De Jong and resides in this judicial district, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Subject Property.

6. Matthew De Jong and Andrea Clark, as Trustees of the De Jong Children's Trust, are named as defendants pursuant to 26 U.S.C. § 7403(b) because the De Jong Children's Trust may claim an interest in the Subject Property.

7. Carol Ann Kunnen and Glenn W. De Jong are named as defendants pursuant to 26 U.S.C. § 7403(b) because the Estate of Cornelius De Jong may claim an interest in the Subject Property. Cornelius De Jong, also known as Core De Jong, was Larry De

Jong, Carol Ann Kunnen, and Glen W. De Jong's father. Upon information and belief, Cornelius De Jong died on September 28, 2012 in San Joaquin County, California and no probate estate has been commenced.

8. Western Energetix, LLC is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

9. San Joaquin County is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

10. The State of California Franchise Tax Board is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## THE SUBJECT PROPERTY

11. The real property sought to be foreclosed by this action consists of a parcel of real property commonly described as 310 Oak Avenue, Ripon, California 95366. The Subject Property bears San Joaquin County Assessor's Parcel Number 261-270-37 and is legally described as follows:

> Lot 77 as shown upon Map entitled, Tract No. 1302, Valley Oak Estates Unit No. 2, filed for record July 21, 1977, in Vol. 22 of Maps and Plats, Page 83, San Joaquin County Records.

## FIRST CLAIM FOR RELIEF: TO REDUCE FEDERAL TAX ASSESSMENTS AGAINST DEFENDANT LARRY DE JONG TO JUDGMENT

12. The United States incorporates by reference paragraphs 1 through 11 above, as if fully set forth here.

13. Defendant Larry De Jong is the owner and officer of C. De Jong Trucking, Incorporated.

14. Because Larry De Jong is the owner and president of C. De Jong Trucking Incorporated and has check writing authority for the corporate bank accounts, as well as other factors, he is responsible for ensuring that the corporation's employment taxes are paid. *See* 26 U.S.C. § 6672(a).

15. Despite knowing that the corporation's employment taxes for quarterly taxable periods ending March 31, 2006 through December 31, 2008 were owed to the United States and/or recklessly disregarding a known risk that those taxes were owed, Larry De Jong failed to pay the taxes due and paid other creditors instead.

16. On June 19, 2008, the IRS mailed a Letter 1153 advising Larry De Jong that trust fund recovery penalties would be assessed against him under 26 U.S.C. § 6672.

17. On the dates and for the amounts listed in the chart below, pursuant to 26 U.S.C. § 6672, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Larry De Jong for trust fund recovery penalties relating to the unpaid taxes of C. De Jong Trucking, Incorporated, along with penalties, interest, and other statutory additions for the taxable periods set forth below:

| Type of Tax | Tax Period | Assessment Date | Amount Assessed | Unpaid Balance Due as of 8/9/2021 (including accruals, fees and collection costs, payments, and credits) |
|---|---|---|---|---|
| 6672 | 3/31/2006 | 10/13/2008 | $16,616.95 | $18,763.29 |
| 6672 | 6/30/2006 | 10/13/2008 | $22,033.28 | $35,912.07 |
| 6672 | 9/30/2006 | 10/13/2008 | $18,299.70 | $29,826.77 |
| 6672 | 12/31/2006 | 10/13/2008 | $23,384.83 | $38,114.97 |
| 6672 | 03/31/2007 | 10/13/2008 | $22,825.92 | $37,203.98 |
| 6672 | 06/30/2007 | 10/13/2008 | $24,060.22 | $39,215.79 |
| 6672 | 12/31/2007 | 10/13/2008 | $24,905.05 | $40,592.78 |
| 6672 | 03/31/2008 | 10/13/2008 | $23,671.75 | $38,582.64 |
| 6672 | 06/30/2008 | 05/09/2011 | $22,801.50 | $33,418.65 |
| 6672 | 09/30/2008 | 05/09/2011 | $22,069.08 | $32,317.73 |
| 6672 | 12/31/2008 | 05/09/2011 | $8,853.11 | $12,964.38 |
| | | | **TOTAL** | **$356,913.05** |

18. Timely notice stating the amounts and demanding payments of the assessments set forth in paragraph 17 above, was given to Larry De Jong as required by 26 U.S.C. § 6303.

19. Despite timely notice and demand for payment of the assessments described in paragraph 17 above, Larry De Jong failed, neglected, and/or refused to make full payment of the assessed amounts to the United States.

20. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States on the dates of the assessments set forth in Paragraph 17, above, and attached to all property and rights to property belonging to Larry De Jong, including the Subject Property, as of the date of each assessment or acquired thereafter.

21. 26 U.S.C. § 6502(a) provides a general ten-year statute of limitations on collection from the date a tax was assessed. Section 6502(a)(1)'s general ten-year statute of limitation for collection is suspended by other Code provisions, including the filing of a petition for bankruptcy under Title 11 of the United States Code, an installment agreement under 26 U.S.C. § 6159, or an offer-in-compromise under 26 U.S.C. § 7122.

22. Under 26 U.S.C. 6503(h), the filing of a petition under Title 11 of the United States Code will suspend the period during which the Secretary is prohibited from collection from the date of filing the petition plus 6 months after the case is dismissed.

23. 26 U.S.C. § 6159(a) authorizes the IRS to enter into installment agreements in which the "taxpayer is allowed to make payment on any tax in installment payments." 26 U.S.C. § 6331(k)(2)(D) prevents making a levy to collect the tax for 30 days after an installment agreement is terminated. Accordingly, the statute of limitations period for collection is extended for 30 days after an installment agreement is terminated. *See* 26 U.S.C. § 6331(k)(3)(b).

24. 26 U.S.C. § 7122 authorizes the compromising of tax liability through offers-in-compromise. While an offer-in-compromise is pending, 26 U.S.C. § 6331(k)(1) prevents making a levy to collect tax until the offer-in-compromise from the time that the offer-in-comprise is accepted for processing until it is returned to the taxpayer. Accordingly, the statute of limitations is suspended when an offer-in-compromise is accepted for processing until it is returned to a taxpayer. *See* 26 U.S.C. § 6331(k)(3)(b).

25. On January 24, 2009, Larry De Jong entered into an installment agreement with respect to the liabilities referenced in Paragraph 17.

26. The installment agreement was terminated on March 29, 2010.

27. Per 26 U.S.C. § 6331(k)(2) & (3), the statute of limitations for collecting taxpayer's liabilities was extended for thirty days after the installment agreement was terminated.

28. On September 8, 2011, Larry De Jong filed a petition seeking protection under Chapter 7 of the Bankruptcy Code. *See In re Larry A. De Jong*, 2:11-bk-41759 (Bankr. E.D. Cal.).

29. On December 27, 2011, he received a discharge.

30. The automatic stay related to Larry De Jong's bankruptcy proceeding was active between the date he filed his Chapter 7 bankruptcy petition (September 8, 2011), and the date he received his discharge (December 27, 2011).

31. Thus, pursuant to 26 U.S.C. § 6503(h)(2), the statute of limitations for the Service to collect De Jong's unpaid tax liability was tolled during this period, plus six months thereafter.

32. Larry De Jong also submitted offers-in-compromises on June 23, 2014, January 20, 2016, and August 6, 2019.

33. The offers-in-compromises were rejected on October 14, 2015, February 11, 2017, and August 7, 2019 respectively.

34. Per 26 U.S.C. § 6331(k)(1) & (3), the statute of limitations for collecting taxpayer's liabilities was extended for thirty days after the offers-in-compromise were rejected.

35. As discussed above, the statute of limitations was suspended due to the pendency of taxpayer's bankruptcy, installment agreement, and multiple offers-in-compromise extending the earliest period for collection from October 13, 2008 until at least November 14, 2022.

36. Accordingly, this suit is being filed within the statute of limitations to collect the liabilities set forth in paragraph 17, above.

37. The United States is entitled to a judgment against Larry De Jong in the amount of $356,913.05 for unpaid 26 U.S.C. § 6672 penalties for the assessments described in paragraph 17, above, as of August 9, 2021, plus interest and other statutory additions, which will continue to accrue as provided by law until paid.

**SECOND CLAIM FOR RELIEF: TO AVOID THE FRAUDULENT TRANSFER OF THE SUBJECT PROPERTY TO ANTINE DE JONG AND CORNELIUS DE JONG AS FRAUDULENT TRANSFEREES OR NOMINEES OF LARRY DE JONG AND SET ASIDE ANY PURPORTED ENCUMBRANCE BY CORNELIUS DE JONG AS FRAUDULENT**

38. The United States incorporates by reference paragraphs 1 through 37 above, as if fully set forth here.

39. On or about July 9, 1985, Larry De Jong and Antine De Jong purchased the Subject Property "as husband and wife, as joint tenants."

40. On July 9, 1985, a grant deed was recorded in the San Joaquin County Recorder's Office as Instrument Number 85045158.

41. On October 13, 2008, the IRS assessed trust fund recovery penalties against Larry De Jong as a responsible person for failing to pay employment taxes on behalf De Jong Trucking Incorporated. Accordingly, a lien arose in favor of the Internal Revenue Service and attached to any property or interests that Larry De Jong held. *See* 26 U.S.C. § 6321.

42. On or about October 14, 2008, the day after the IRS assessed the trust fund recovery penalties against him, Larry De Jong purportedly obtained a loan from his father, Cornelius De Jong, in the amount of $130,750.

43. The purported loan was executed by a promissory note signed and dated by Larry De Jong on October 22, 2008. The promissory note includes an interest rate of 10% and states that the "note shall be due on demand, or if no demand is made, one year after the date of the making of this note."

44. Also, on October 22, 2008, Larry De Jong and Antine De Jong executed a post-nuptial agreement waiving their rights to any community property. The document also purportedly transferred Larry and Antine De Jong's community interest in the Subject Property to an undivided one-half interest to each party as their sole and separate property.

45. Larry De Jong and Antine De Jong then executed two quitclaim deeds transferring the title of the Subject Property from Larry and Antine De Jong as Husband and Wife, to Larry De Jong and Antine De Jong as their sole and separate property, with each receiving an undivided one-half interest in the Subject Property.

46. The quitclaim deeds were recorded with the San Joaquin Recorder's Office on November 3, 2008 as Document Numbers 2008-174085 and 2008-174086.

47. Simultaneously, Larry De Jong recorded a purported Deed of Trust with the San Joaquin County Recorder's Office which gave Cornelius De Jong an undivided one-half interest in the Subject Property as security for the promissory note.

48. Cornelius De Jong and Antine De Jong obtained title to the Subject Property as the nominees of Larry De Jong, and subject to the federal tax liens that had attached to the Subject Property. *See Fourth Inv. L.P. v. United States*, 720 F.3d 1058, 1067 (9th Cir. 2013) (finding that the IRS's liens under 26 U.S.C. § 6321 attach to all property that belongs to a taxpayer, including property that is held by a third party).

49. No consideration was provided for Cornelius De Jong's alleged interest in the Subject Property because no transfer of funds occurred between Cornelius De Jong and Larry De Jong. The terms of the purported loan were never enforced.

50. The purported transfer of the Subject Property from Larry De Jong to Antine De Jong and to Cornelius De Jong was done with the intent to cloud title and with the actual intent to hinder, delay, or defraud the United States.

51. In 2008, when Larry De Jong transferred the Subject Property, Larry De Jong had debts, including the trust fund recovery penalties assessed against him by the IRS, that he was unable to pay.

52. In 2008, the transfer of the Subject Property to Antine De Jong and Cornelius De Jong occurred without receiving a reasonably equivalent value in exchange for the transfer.

53. At the time of the transfer, Larry De Jong was presumed to be insolvent because he failed to pay his debts as they became due. *See* Cal. Civ. Code § 3439.02.

54. The transfer of the Subject Property was to his spouse at the time, Antine De Jong, an insider. Larry and Antine De Jong remain married to date.

55. The transfer of the Subject Property was to his father, Cornelius De Jong, an insider.

56. Larry De Jong has remained in possession of the Subject Property and has continued to control and benefit from the Subject Property, including by continuing to reside at the Subject Property.

57. Larry De Jong's transfer of the Subject Property to Antine De Jong and Cornelius De Jong, and Cornelius De Jong's purported security interest in the Subject Property, is fraudulent to the United States and is an avoidable transfer under Cal. Civ. Code. §§ 3439.04 and 3439.05.

**THIRD CLAIM FOR RELIEF: TO DETERMINE THAT THE FRAUDULENT CONVEYANCE OF THE SUBJECT PROPERTY TO CORNELIUS DE JONG AND SUBSEQUENT CONVERYANCE TO THE DE JONG CHILDREN'S TRUST AS A NOMINEE CREATES A CONSTRUCTIVE TRUST REMEDY FOR THE UNITED STATES**

58. The United States incorporates by reference paragraphs 1 through 57, above, as if fully set forth here.

59. Upon information and belief, Cornelius De Jong established the De Jong Revocable Trust.

60. The De Jong Revocable Trust sets forth the De Jong Children's Trust. Larry De Jong, Glenn W. De Jong, and Carol Ann Kunnen, as children of Cornelius De Jong, are beneficiaries of the De Jong Children's Trust.

61. In December 2012, after Cornelius De Jong died, his children, as successor Trustees of the De Jong Children's trust, transferred any purported interests he held in the Subject Property to the De Jong Children's Trust.

62. The Subject Property, however, is not specified in the terms of the De Jong Children's Trust.

63. Instead, the De Jong Children's Trust's purported interest stems from the fraudulent conveyance of the Subject Property, as described in paragraphs 47–56, from Larry De Jong to Cornelius De Jong.

64. In November 2013, after Larry De Jong resigned as a Co-Trustee of the De Jong Children's Trust, Andrea Clark and Matthew De Jong were appointed successor Co-Trustees.

65. Soon after, an Assignment of Deed of Trust ("Assignment") transferring Cornelius De Jong's alleged interest in the Subject Property to the De Jong Children's Trust was recorded with the San Joaquin County Recorder.

66. On December 13, 2018, Dual Arch International, Inc., was substituted as Trustee to conduct a Non-Judicial Trustee's Sale. Simultaneously, a Notice of Default and Election to Sell the Subject Property was filed with the San Joaquin Recorder's Office.

67. On or about April 8, 2019, a Notice of Trustee's Sale Under Deed of Trust was recorded by Dual Arch International, Incorporated.

68. A nonjudicial foreclosure sale of the Subject Property was held on May 8, 2019. The De Jong Children's Trust allegedly bought an undivided one-half interest in the subject property.

69. The De Jong Children's Trust, however, is not a purchaser of the Subject Property as that term is defined in 26 U.S.C. § 6323(h)(6).

70. Because the IRS was not notified of the of the sale pursuant to 26 U.S.C. § 7425, the federal tax liens continue to encumber the Subject Property.

71. Despite the transfer of the Subject Property to the De Jong Children's Trust, Larry De Jong continues to reside in the subject property and exercise control over the Subject Property.

72. The De Jong Children's Trust has in no way interfered with Larry De Jong's enjoyment or use of the Subject Property.

73. The De Jong Children's Trust holds bare, legal title to the Subject Property under Cal. Civ. Code §§ 2223–2224 and would be unjustly enriched if allowed to maintain any purported ownership.

74. Any claim or interest the De Jong Children's Trust holds in the Subject Property, it does so as a nominee or constructive trustee of Larry De Jong and Cornelius De Jong. Any such claims were part of a scheme to defraud the creditors of Larry De Jong, including the United States, and have no merit.

**FOURTH CLAIM FOR RELIEF: TO FORECLOSE THE FEDERAL TAX LIENS ON THE REAL PROPERTY**

75. The United States incorporates by reference paragraphs 1 through 74 above, as if fully set forth here.

76. Pursuant to 26 U.S.C. §§ 6321, 6322, and 6323, Notices of Federal Tax Liens ("NFTL") were filed against Larry De Jong regarding the assessments set forth in Paragraph 17 above at the San Joaquin County Recorder's Office on the following dates:

| Filing Date | Tax Period | Comments |
|---|---|---|
| 5/10/2010 | 3/31/2006 | The NFTLs for Mar. 2006 – March 2008 were refiled on 10/1/2018 pursuant to 26 U.S.C. § 6323(g). |
| 5/10/2010 | 6/30/2006 | |
| 5/10/2010 | 9/30/2006 | |
| 5/10/2010 | 12/31/2006 | |
| 5/10/2010 | 03/31/2007 | |
| 5/10/2010 | 06/30/2007 | |
| 5/10/2010 | 12/31/2007 | |
| 5/10/2010 | 03/31/2008 | |
| 07/24/2017 | 06/30/2008 | |
| 07/24/2017 | 09/30/2008 | |

| | | |
|---|---|---|
| 07/24/2017 | 12/31/2008 | The NFTLs for June 2008 – Dec. 2018 were refiled on 2/8/2021 pursuant to 26 U.S.C. § 6323(g). |

77. The Subject Property is encumbered with liens for the unpaid tax assessments described in Paragraph 17 above.

78. The federal tax liens arising from those assessments have priority over all interests in the Subject Property acquired after the dates of assessment, subject to the provisions of 26 U.S.C. § 6323(a).

79. Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its liens.

80. Under *Babb v. Schmidt*, 496 F.2d 957 (9th Cir. 1974), the United States may foreclose and collect from the entire Subject Property, not solely any interests that may belong to Larry De Jong.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays as follows:

A. This Court enter Judgment in favor of the United States of America and against the defendants;

B. That this Court determine, adjudge, and decree that Defendant Larry De Jong is indebted to the United States in the amount of $356,913.05, plus statutory interest and additions under 26 U.S.C. §§ 6601, 6621, and 6622 accruing from August 9, 2021, less any credits for payments received, for unpaid assessments of 26 U.S.C. § 6672 trust fund recovery penalties for the quarterly tax periods ending March 31, 2006 through December 31, 2008, and that judgment in that amount be entered against Larry De Jong and in favor of the United States;

C. That this Court determine and adjudge that Cornelius De Jong and Antine De Jong are nominees or fraudulent transferees of Larry De Jong and that Larry De Jong is the real and beneficial owner of the Subject Property;

D. That this Court determine and adjudge that the De Jong Children's Trust holds title to the Subject property as the constructive trustee of Larry De Jong and that Matthew A. De Jong and Andrea Clark held only nominal title to the Subject Property as Trustees of the De Jong Children's Trust;

E. That this Court determine and adjudge that the De Jong Children's Trust has no interest in the Subject Property;

F. That this Court determine and adjudge that the United States has valid liens against all property and rights to property of Larry De Jong, including but not limited to the Subject Property;

G. That this Court determine and adjudge the merits of all claims to and liens upon the property;

H. That the federal tax liens against Larry De Jong encumbering the Subject Property be foreclosed to satisfy the liens and outstanding and delinquent federal tax assessments against Larry De Jong, and that the Subject Property be sold under 26 U.S.C. § 7403(c) and 28 U.S.C. § 2001; and

I. That the Court award the United States its costs and any other relief that the Court deems just and proper.

Dated: January 10, 2022

David A. Hubbert
Deputy Assistant Attorney General

s/ Tijuhna A. Green
TIJUHNA A. GREEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3340
202-307-0054 (f)
Tijuhna.A.Green@usdoj.gov
*Attorneys for the United States of America*